UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CHRISTINE C. SMITH, an individual,

      Plaintiff,

v.

BAKALAR & ASSOCIATES, P.A.,
a Florida Corporation,

      Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.

### JURY DEMAND

1.      Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.  Venue in this District is proper because Defendant resides here and does business in this District.

### PARTIES

3.      Plaintiff, CHRISTINE C. SMITH ("Plaintiff"), is a natural person, citizen of the State of Florida and resides in Broward County.

4.      Defendant, BAKALAR & ASSOCIATES, P.A. ("Defendant"), is a Florida corporation, and law firm, engaged in the business of collecting consumer debts; working from offices located in Plantation, Broward County, Florida.

5.      Defendant regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

6.      Defendant is a law firm which regularly collects or attempts to collect debts on behalf of residential associations, more commonly referred to as "HOAs" or "condo associations."  It is a therefore a "debt collector" as that term is defined by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

7.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8.      Defendant sought to collect a consumer debt from Plaintiff; the debt at issue was incurred to Fiesta Homeowners Association for Ms. Smith's alleged residential association arrearage (i.e. maintenance and assessment fees).

9.      On October 11, 2012, Defendant sent a demand letter seeking to collect an alleged consumer debt from Plaintiff.

10.      The letter was received by Plaintiff several days later.

11.      The demand letter was sent on the letterhead of the law firm "Bakalar & Associates, P.A." and signed by an attorney of said law firm.

2

12.     The aforesaid letter identifies defendant as a "debt collector" and requests payment be made to Defendant.

13.     A true and correct copy of the demand letter is attached hereto as "Exhibit A".

14.     The letter was Defendant's first communication with Plaintiff with respect to the debt alleged therein.

15.     Federal Courts have held that dunning letters sent by law firms for an alleged arrearage to condominium or homeowner's association may fall under the jurisdiction of the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d, 1361, 1366, (M.D. Fla. 2002).

16.     The demand letter sent by Defendant states in part:

> ***Unless, within forty-five (45) days after receipt of this correspondence you dispute the validity of the amounts due, or any portion thereof, the amount due will be assumed to be valid…***

(boldface in original).

17.     Under 15 U.S.C § 1692g(a)(3) the Defendant must provide the Plaintiff with:

> *[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**…*

(emphasis added).

18.     Defendant's demand letter incorrectly the states the assumption of validity as pronounced by the FDCPA.

19.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon him by the FDCPA would fail as a matter of law.  *See generally, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010); *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF
## OF HIS RIGHTS UNDER THE FDCPA

20.     Plaintiff incorporates Paragraphs 1 through 19.

21.     Defendant's demand letter impermissibly states the legal standard with regard to the assumption of validity as pronounced by section 1692g(a)(3) of the FDCPA.  Furthermore, Defendant's letter would be deceptive to the "least sophisticated consumer" with respect to communicating their rights under the FDCPA; hence, Defendant has violated 15 U.S.C. § 1692g and/or 15 U.S.C. § 1692e(10).  *See generally, Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-CV-2044, 2008 WL 2050809 (M.D. Pa. May 13, 2008); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, 11-80894-CIV, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011).

22.     As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

23.     Plaintiff is also entitled to an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests that the Court enter judgment in their favor and against Defendant, BAKALAR & ASSOCIATES, P.A., for:

a.     Statutory damages pursuant to 15 U.S.C. §1692k;

b.     Attorney's fees, litigation expenses and costs of the instant suit; and

c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 9th day of November, 2012.


/s/ *Scott D. Owens*
**SCOTT D. OWENS, ESQ.**
Florida Bar No.: 0597651
*Attorney for Plaintiff*
664 East Hallandale Beach Boulevard
Hallandale, Florida 33309
Phone 954-589-0588
Fax 954-337-0666
scott@scottdowens.com